Jordan K. Cameron (12051)
  jcameron@djplaw.com
DURHAM JONES & PINEGAR, P.C.
3301 N Thanksgiving Way, Suite 400
Lehi, Utah 84043
Telephone: (801) 375-6600
Fax: (801) 375-3865

*Attorney for Plaintiff XMission, L.C.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XMISSION, L.C., a Utah company,<br><br>    Plaintiff,<br><br>vs.<br><br>9 FOUR ONE MEDIA, et al.<br><br>    Defendants. | **NOTICE OF DUCivR 7-1(b)(4) PERTINENT AND SIGNIFINCANT AUTHORITY**<br><br><br>Case No.: 2:18cv00182<br><br>Judge Robert Shelby |

Pursuant to DUCivR 7-1(b)(4) Plaintiff XMission, L.C. ("Plaintiff") hereby respectfully submits this *Notice of Pertinent and Significant Authority*.

**Procedural History**

1. On March 22, 2018, Fluent filed its *Motion to Dismiss* re jurisdiction [ECF 22].

2. On May 26, 2018, XMission filed its *Opposition Memorandum* [ECF 44].

3. On June 8, 2018, an unpublished decision issued from this Court in the matter of *ZooBuh, Inc. v. Savicom, et al.*, Case No. 2:17cv01098, that directly addresses an issue raised by

Defendant Fluent in their *Motion to Dismiss*, specifically, that Fluent's .9% of income derived from Utah customers favors against a finding of jurisdiction (i.e., minimum contacts).

4.   On June 12, 2018, Fluent filed a *Reply* brief [ECF 50].

5.   Oral argument is presently set for this matter on August 30, 2018.

### Notice

Attached as <u>Exhibit A</u> is a copy of the Court's *Memorandum Decision and Order Granting in Part and Denying in Part Motion to Dismiss*, in *ZooBuh, Inc. v. Savicom, et al.*, Case No. 2:17cv01098 (D. Utah, June 08, 2018) (unpublished).

### Reasons for the Supplemental Citation

"When pertinent and significant authorities come to the attention of a party after the party's memorandum has been filed, . . . a party may promptly file a notice with the court and serve a copy on all counsel, setting forth the citations." DUCivR 7-1(b)(4). The notice must also state the reasons for the supplemental citation. *See id*.

In its *Motion to Dismiss*, Fluent argues that its revenue from Utah is insignificant and totals roughly 0.9% of its total revenue. Fluent did not provide actual evidence of its revenue. Fluent relies on this assertion to suggest that Fluent's contact with Utah is minimal and that jurisdiction would be improper.

In its *Opposition*, XMission argued that XMission is not Fluent's only connection to Utah and that Fluent's earning nearly 1 percent of its income from Utah is additional evidence of its minimum contacts with the state. ECF 44, at 24.

After XMission filed its *Opposition*, this Court's decision in *ZooBuh, Inc. v. Savicom,* was issued, wherein Judge Parrish soundly reasoned:

2

> DGI LLC contends that the exercise of jurisdiction over it is burdensome because it derives 1 percent of its revenue from Utah. But DGI LLC does not offer any evidence as to its annual revenue. If DGI LLC's annual revenue is significant (*e.g.*, millions of dollars), the fact that it derives one percent of its revenue from Utah might actually support the exercise of jurisdiction over it. Indeed, many corporations might derive less than 1 percent of their revenue from Utah. But that 1 percent may represent a significant dollar amount. Consequently, the fact that DGI LLC derives 1 percent of its revenue from Utah does not suggest that the exercise of jurisdiction over DGI LLC is unreasonable. If anything, it suggests the opposite.

Exhibit A, at 16. Information related to Fluent's actual revenue has been recently discovered in publicly available documents, which XMission has previously lodged with the Court. *See* ECF 68.

DATED this 16th day of August, 2018.

DURHAM JONES & PINEGAR, P.C.

/s/ Jordan K. Cameron
Jordan K. Cameron
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Jordan K. Cameron, certify that on this 16th day of August, 2018, I caused a true and correct copy of the foregoing to be served via CM/ECF on the following:

Maralyn M. English
Scott Young
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, UT 84145
*Attorneys for Defendant Fluent, LLC*

Derek Newman
Keith Scully
NEWMAN DU WORS LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
*Attorneys for Defendant Fluent, LLC*

                 /s/ Jordan K. Cameron